[Cite as *Mills v. Lakewood Constr. Assocs., Ltd.*, 2014-Ohio-4886.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

RYAN E. MILLS, ET AL.

        Defendants-Appellants

-vs-

LAKEWOOD CONSTRUCTION
ASSOCIATES, LIMITED

        Plaintiff-Appellee

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. Patricia A. Delaney, J.
Hon. Craig R. Baldwin, J.

Case No. 14-CA-15

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Licking County Court of Common Pleas, Case No. 2014CV0008 |
| JUDGMENT: | Reversed and Remanded |
| DATE OF JUDGMENT ENTRY: | October 30, 2014 |
| APPEARANCES: | |

For Plaintiff-Appellee

KERRY T. BOYLE
ALICIA E. ZAMBELLI
JAMES M. YOUNG
Isaac, Wiles, Burkholder & Teetor, LLC
2 Miranova Place, Suite 700
Columbus, Ohio 43215

For Defendants-Appellants

CHARLEY HESS
7211 Sawmill Road
Suite 200
Dublin, Ohio 43016-5010

*Hoffman, P.J.*

**{¶1}** Defendants-appellants Ryan and Tamara Mills appeal the February 11, 2014 Judgment Entry entered by the Licking County Court of Common Pleas granting the motion to stay case and compel arbitration filed by Plaintiff-appellee Lakewood Construction Associates, Ltd.

## STATEMENT OF THE CASE[1]

**{¶2}** Appellee Lakewood Construction Associates, Ltd. initiated the within action pursuant to a mechanic's lien claiming over $79,000.00 due and owing from Appellants on a cost-plus construction agreement for the construction of Appellants' home. The written estimated cost to construct the home was $337,200.00. Appellee joined the construction lender, Park National Bank, in the suit.

**{¶3}** In October of 2012, the parties entered into an agreement for the construction of a residence by Appellee on a cost-plus basis on a lot owned by Appellants located in Granville, Ohio. Appellants claim they were lead to believe a cost-plus price contract was less expensive than a fixed-price contract based upon representations made by Appellee. Appellants assert upon occupancy of the residence, they received numerous billings containing differing amounts due. The final billing exceeded the contractually estimated price by over $79,000.00. Appellants later approved a draw request made by Appellee, but for a lesser amount.

**{¶4}** Appellants filed an eight-count counterclaim against Appellee, and a cross-claim against Park National Bank. The counterclaims included workmanship issues. The cross-claim concerned the use of draw money and money owed to a

---

[1] A rendition of the underlying facts is unnecessary for our resolution of this appeal.

landscaping subcontractor. Appellants subsequently settled the cross-claim with Park National.

{¶5} Subsequent to the initiation of the within action, Appellee was sued in the Licking County Court of Common Pleas by CMLH Holdings, LLC, a subcontractor of Appellee, for money owed for work performed on Appellants' home. Appellee moved the trial court to consolidate the cases. The trial court granted the motion.

{¶6} Appellee then moved the trial court to stay the case and compel arbitration. The trial court granted the motion without Appellants' having been afforded an opportunity to respond.

{¶7} Appellants now appeal, and assign as error:

{¶8} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN ITS JUDGMENT ENTRY DATED FEBRUARY 11, 2014, WHEN IT GRANTED APPELLEE'S MOTION TO STAY THE CASE AND COMPEL ARBITRATION BEFORE THE EXPIRATION OF THE TIME ALLOWED FOR APPELLANTS TO FILE A TIMELY RESPONSE OPPOSING THE MOTION IN WHICH APPELLANTS WOULD HAVE DEMONSTRATED, ON THE RECORD, THE ABSENCE OF INDEPENDENCE AND IMPARTIALITY IN THE SELECTION OF THE ARBITRATOR.

{¶9} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN ITS JUDGMENT ENTRY DATED FEBRUARY 11, 2014, WHEN IT GRANTED APPELLEE'S MOTION TO STAY THE CASE AND COMPEL ARBITRATION WHEN, UNDER THE CIRCUMSTANCES THAT EXIST, THE ARBITRATION PROVISION IS BOTH SUBSTANTIVELY AND PROCEDURALLY UNCONSCIONABLE.

**{¶10}** "III. THE TRIAL COURT ERRED AS A MATTER OF LAW IN ITS JUDGMENT ENTRY DATED FEBRUARY 11, 2014, WHEN IT GRANTED APPELLEE'S MOTION TO STAY THE CASE AND COMPEL ARBITRATION IMPLICITLY RULING THAT THE ISSUES RAISED BY APPELLEE IN ITS COMPLAINT ARE ARBITRABLE AND WITHIN THE SCOPE OF THE ARBITRATION PROVISION THAT IS CONTAINED IN THE CONSTRUCTION CONTRACT.

**{¶11}** "IV. THE TRIAL COURT ERRED AS A MATTER OF LAW IN ITS JUDGMENT ENTRY DATED FEBRUARY 11, 2014, BY IMPLICITLY RULING THAT APPELLEE'S CLAIM FOR FORECLOSURE IS A PROPER SUBJECT OF ARBITRATION."

I

**{¶12}** R.C. 2711.02(B) provides,

**{¶13}** "(B) If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration."

**{¶14}** Section 14 of the parties' Agreement herein, entitled Cost Plus Construction Agreement, reads:

**{¶15}** "14. PROCEDURE IN CASE OF DISPUTES. In the event Owner believes that Contractor has provided Work which does not conform to the Quality Standards

promulgated by the Building Industry Association of Central Ohio or does not substantially conform to the Plans and Specifications, Owner shall promptly provide written notice to Contractor of the same specifying with reasonable certainty the nature and effect of such claims. Thereafter, Contractor shall be afforded a reasonable opportunity to review and evaluate such claims and, to the extent necessary to complete such evaluation, Contractor may request additional information and/or a meeting with Owner and/or architect or engineer (if applicable) at the Premises to discuss the same.  After completion of such review to the extent Contractor agrees with Owner, Owner shall provide Contractor with a reasonable opportunity to cure any such agreed upon non-conformity and in this respect Owner agrees not to remove contractor from the job or order Contractor to stop work so long as contractor diligently undertakes to cure the same. In the event that after completion of such review by Contractor there is a claim(s), dispute(s), <u>or other matter in question over which Contractor and Owner cannot agree to a resolution thereof, or in the event Owner and Contractor cannot agree to the resolution of any other dispute arising under the terms of this Agreement, Owner and Contractor agree that a decision as to the disputed term(s) shall be reached through arbitration based upon the rules ("Rules") promulgated by the American Arbitration Association which shall be conducted in a prompt and expeditious manner and in accordance with the following guidelines.</u> Owner and Contractor agree that notwithstanding the rules, the Chairman of the Professional Standards committee of the Building Industry Association of Central Ohio shall select an arbitrator to perform the arbitration. To this end, Owner specifically acknowledges that neither the Professional Standards Association Committee of the Building Industry Association of Central Ohio

nor the Building Industry Association of Central Ohio itself will actually be requested to conduct the arbitration. Rather, they will only assist in naming the arbitrator. The fees of the arbitrator shall be split by Owner and Contractor. Thereafter, a hearing shall be held. The decision of the arbitrator at such hearing shall be final and binding upon the parties. Owner and Contractor additionally agree that in the case of such a claim or dispute, time is of the essence and that the most expeditious reasonable method of arbitration as set forth above shall be used, and further, that all of the parties shall be bound by the outcome of such arbitration." (Emphasis added.)

{¶16} Appellants argue the above provision is unconscionable, and had the trial court waited until they had timely filed a response to the motion to stay and compel arbitration, Appellants would have submitted admissible evidence of the unfairness of the provision.

{¶17} Appellee filed its Motion to Stay on February 3, 2014, accompanied by its Certificate of Service reflecting regular U.S. Mail service issued on that same date. Appellee did not submit to the trial court an order or notice of hearing scheduling an oral or non-oral hearing upon the motion as required by the Licking County Court of Common Pleas General Division Rule of Civil Practice 5(B). Ohio Rule of Civil Procedure 6(C) provides, "A written motion, …, and notice of the hearing thereof shall be served not later than seven days before the time fixed for hearing…" Ohio Civ.R 6(D) provides the non-moving party an additional three days to respond when served by regular mail.

{¶18} Without notice of hearing, the trial court granted Appellee's Motion to Stay via Order and Entry filed February 11, 2014. Such entry was filed on the eighth day

after the motion to stay was filed and five days after service upon Appellants.  We find Appellants were not afforded adequate time to respond and were never given notice or an opportunity to be heard in opposition to the motion before the trial court issued its order.

{¶19}  Appellants' first assignment of error is sustained.

## II, III, & IV

{¶20}  In light of our disposition of Appellants' first assignment of error, we find the remainder of their assignments of error premature.

{¶21}  The February 11, 2014 Judgment Entry entered by the Licking County Court of Common Pleas is reversed and the matter remanded for further proceedings.

By: Hoffman, P.J.

Delaney, J.  and

Baldwin, J. concur